**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **DEVONTE DAVIS** | * | CIVIL ACTION NO. _____ |
| **Plaintiff** | * | |
| | * | |
| versus | * | JUDGE _____ |
| | * | |
| **DEPUTY TYLER THOMPSON, LT.** | * | |
| **ANTHONY PETERSON, AND MARK** | * | |
| **WOOD, SHERIFF OF RAPIDES PARISH** | * | |
| **Defendants** | * | MAGISTRATE JUDGE _____ |

*************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Devonte Davis (hereinafter referred to as "Plaintiff" or "Davis"), a domiciliary of Rapides Parish, Louisiana, who is currently homeless, but for purposes of civil process hereby appoints undersigned counsel as his agent, and who therefore may be served at 720 Murray Street, Alexandria, Louisiana 71301, who files this Complaint, and in connection therewith he does aver as follows, to-wit:

**JURISDICTION**

1. This is an action seeking money damages and other relief for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, together with Article 1, §§2, 3, 4, and 5 of the Louisiana Constitution, and other state law supplemental claims, seeking to redress violations by Defendants acting under color of state law, and to recompense Plaintiff for the deprivation of their rights, privileges and immunities guarantees by the

    foregoing constitutional citations. This action is further predicated on 42 U.S.C. § 1981, 1983, related federal statutes, and related and similar Louisiana state law statutes.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, this lawsuit being authorized by 42 U.S.C. § 1983.

3. Plaintiff also invokes this Court's supplemental jurisdiction in order to hear and adjudicate Plaintiff's claims arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. §1367, including battery claims and resulting damages.

## VENUE

4. Pursuant to 28 U.S.C. §1391, venue lies in the Western District of Louisiana because Plaintiff's principal residence is in Rapides Parish, Louisiana.  Further, Defendants are believed to reside in or are located in Rapides Parish, Louisiana, and at the times pertinent to this proceeding, worked in Rapides Parish, Louisiana.  Further, all of the events giving rise to this action occurred in Rapides Parish, Louisiana.  All of the foregoing locations are within the jurisdiction of the Western District of Louisiana, Alexandria Division .

## PARTIES

5. Made defendants herein are:

    (1) Tyler Thompson ("Thompson"), an individual domiciled, on information and belief, in Rapides Parish, Louisiana, who, at the time of the events giving rise to this action, was a duly authorized and commissioned officer or agent of the Rapides Parish

        Sheriff's Department but whose Badge number is currently unknown;

(2)    Lieutenant Anthony Peterson ("Peterson"), an individual domiciled, on information and belief, in Rapides Parish, Louisiana, who, at the time of the events giving rise to this action, was a duly authorized and commissioned deputy/lieutenatn or agent of the Rapides Parish Sheriff's Office, but whose Badge number is currently unknown; and

(3)    Mark Wood ("Wood"), the duly elected Sheriff of Rapides Parish, a person domiciled in Rapides Parish, Louisiana, who may be served with process at 701 Murray Street, Alexandria, Louisiana 71301, and is the person who exercises his power and authority within Rapides Parish, Louisiana, and employs Thompson and Peterson.

6. The defendants are sued in their individual and official capacities;

7. At all times pertinent to this action, the Defendants acted under color of state law.

## FACTS

8. Plaintiff re-alleges and re-asserts the allegations of paragraphs 1-7 above, in all their parts and particulars.

9. On or about June 5, 2023, at approximately 1:39 a.m., Alexandria police officers were dispatched to 730 MacArthur Drive on a complaint of robbery. While there, the officers apprehended Plaintiff and arrested him for the charges as well as an outstanding warrant from

3

       City Court for contempt.

10.    The Alexandria police officers then transported Plaintiff to the Rapides Parish correctional facility for booking and holding.

11.    Once at the facility, Thompson took Plaintiff to be searched. Plaintiff was still secured in the Alexandria police officer's handcuffs.

12.    Thompson approached the Alexandria police officers and told them to take Davis to the hospital because Davis had apparently vomited in the back of the facility.

13.    Thompson subsequently brought Plaintiff up to the front still secured with the Alexandria police officer's handcuffs.

14.    At that point in thime, Thompson pushed Plaintiff against the wall, and then punched him several times in the head.  Plaintiff was at all times still secured in the Alexandria police officer's handcuffs.

15.    Plaintiff suffered head injury, soft tissue injury and injuries to his teeth.  Plaintiff contemporaneously complained about his jaw possibly being broken.

16.    At no time did Peterson or other officers on the scene intervene to stop Thompson.

17.    The Alexandria police officers advised that the Rapides Parish detention facility employees should take Plaintiff to the hospital.  At not time did Plaintiff receive transportation to the hospital or any medical intervention whatsoever.

18.    The Alexandria officers the contacted their supervisors, and were advised to take their

handcuffs and leave.

19. Plaintiff was unable to effectively protect himself because he was at all times in handcuffs.

20. The Alexandria police officers then took the handcuffs and left Plaintiff with the detention center employees, specifically, Thompson.

21. As the Alexandria police officers were leaving the facility, Thompson then, with the consent of Peterson, released Plaintiff into the street.

22. Wood is the Sheriff of Rapides Parish, Louisiana. He is responsible for the hiring of employees, training, supervision, and discipline of his officers. On information and belief, Wood has filed to properly investigate, train and/or supervise its employees. On information and belief, Wood has not taken any action whatsoever, disciplinary or otherwise, with regard to the actions of Thompson and Peterson in this matter. Wood has failed to train officers on the constitutional rights of persons in custody. By failing to re-train, discipline, terminate, or take other action, Wood has adopted the actions of Thompson and Peterson as the policy and procedures of the Rapides Parish Sheriff's office, and his office has a pattern and practice of allowing officers to mis-handle citizens and arrested persons/prisoners without recourse.

**VIOLATIONS OF LAW**

23. Davis re-alleges Paragraphs 1-22 above.

24. As a direct and proximate result of the Defendants' actions in abusing Davis, Davis suffered

multiple injuries, including contusions, a potentially fractured jaw, and broken teeth. Plaintiff was refused transportation to a medical facility and refused medical attention and treatment, all while in the custody and control of law enforcement officers.

25. As a direct and proximate result of the actions of Defendants, Plaintiff was deprived of the rights, privileges, and immunities guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, in particular, the right to be free from unreasonable searches and seizures, the right to due process of law, the right to be free from punishment without due process of law, the right to be free from cruel and unusual punishment, and the right to be secure in his person and property against unreasonable searches and seizure. Under color of law, Plaintiff was assaulted, battered and beaten, without sufficient cause or provocation. The force used by the Rapides Parish Sheriff's deputies/officers was constitutionally excessive.

26. The actions of Defendants deprived Davis of these rights in violation of 42 U.S.C. §1983. The officer or officers not directly involved in the beating of Plaintiff were present, and they had a duty to stop the unlawful actions of their errant brother. In reckless disregard for the rights of Plaintiff, those officers failed to intervene and stop the beating of Plaintiff. Thompson, Peterson and Wood, together with any officers that may be identified in discovery, are liable jointly, severally, and in solido.

27. All of the actions of Defendants occurred while under color of state law, while Plaintiff was

handcuffed and restrained, and without sufficient provocation or cause. The rights of Plaintiff in regard to the violations alleged herein arise from the breaches of long-standing, clearly established rights. Plaintiff is entitled to damages and other relief pursuant to the authority of 42 U.S.C. §1981, 1983, and related statutes.

28. Plaintiff continues to suffer from the injuries received, and from the mental anguish, trauma, and emotional stress of the events described in this Complaint.

29. Plaintiff requests compensatory and punitive damages in an amount sufficient to compensate him for his damages, and in an amount sufficient to hold the defendants responsible for their improper actions taken under color of law and sufficient to deter future such actions. Plaintiff seeks $500,000.00 in total damages.

## SUPPLEMENTAL STATE CLAIMS

30. Plaintiff re-alleges and re-asserts paragraphs 1-29 above in all their parts and particulars.

31. The acts described herein are unlawful under the laws of the State of Louisiana, in that they constitute assault and battery, and a violation of Plaintiff's rights under the Louisiana Constitution of 1974, as amended, to be secure in his person and property, to be afforded due process, and to be free from cruel and unusual punishment. Plaintiff's state law claims include claims of respondeat superior for the employer of the officers involved, Wood, in his official capacity as the Rapides Parish Sheriff.

32. Plaintiff claims compensatory damages and such other damages as allowed by law, in an

amount not less than $500,000.00 for these state law violations, together with any other relief provided by law.

## MISCELLANEOUS PROVISIONS

33. Plaintiff re-alleges and re-asserts the allegations of paragraphs 1-32 above, in all their parts and particulars.

34. As a result of the unlawful acts of Defendants, Plaintiff has suffered physical injury, pain and suffering, mental anguish, embarrassment, and humiliation. Plaintiff is entitled to an award of damages, as well as punitive damages.

35. Plaintiff is entitled to an award of attorneys fees under both federal and state applicable statutes, and all costs of this proceeding.

36. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays that :

1. Defendants be cited to appear and answer this complaint within the time delays as provided by law;

2. That after due proceedings had, there be a judgement here in favor of Plaintiff against Defendants, jointly, severally, and in solido, in a reasonable amount under the premises, for all claims set forth herein, together with interest from the date of judicial demand until paid, all costs of these proceedings, and punitive damages in an amount to be determined by the trier of fact, and attorneys fees;

3.      For a trial by jury on all matters;

4.      For all orders and decrees necessary;

5.      For full, general, and equitable relief as may be appropriate in the premises.

                                  Respectfully submitted,

                                  ALAN PESNELL LAWYER LLC

                                By: __/s/ *W. Alan Pesnell*_____
                                      W. Alan Pesnell
                                      Louisiana Bar Roll No. 23249
                                      720 Murray Street
                                      Alexandria, Louisiana 71301
                                      Telephone: (318) 704-0979
                                      Telecopy: (318) 625-0603
                                      wapesnellatty@gmail.com

- -      Counsel for Plaintiff, Devonte Davis

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **DEVONTE DAVIS** | * | **CIVIL ACTION NO.** _____ |
|     **Plaintiff** | * | |
| | * | |
| versus | * | **JUDGE** _____ |
| | * | |
| **DEPUTY TYLER THOMPSON, LT.** | * | |
| **ANTHONY PETERSON, AND MARK** | * | |
| **WOOD, SHERIFF OF RAPIDES PARISH** | * | |
|     **Defendants** | * | **MAGISTRATE JUDGE** _____ |

*************************************************************************

# **VERIFICATION**

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified, personally came and appeared, **DEVONTE DAVIS**, Petitioner in the foregoing Complaint, who, after being duly sworn did depose and state that she has read the Complaint, and all allegations of fact contained therein are true and correct to the best of her knowledge, information and belief.

                                                                                    /s/   *Devonte Davis*
                                                                                    **DEVONTE DAVIS**

SWORN TO AND SUBSCRIBED, before me this the 12th day of August 2023, Parish of Rapides, State of Louisiana.

                                                                   /s/ *William Alan Pesnell*
                                                   William Alan Pesnell, Notary Public
                                                         Bar Roll Number: 23249